NELSON HAM *vs.* CITY OF LEWISTON.

Androscoggin.   Opinion June 15, 1900.

</div>

*Way. Defect. · Notice. Negligence. R. S., c. 18, § 80.*

The jury gave a verdict for the plaintiff upon these facts :—The plaintiff, a man eighty-two years old, whose sight was somewhat defective, was driving upon one of the streets of the defendant city when his horse became frightened by the noise of steam escaping from a portable steam engine standing within the limits of the street, and used in hoisting materials for the erection of a building, and by reason of his horse being so frightened, the plaintiff was thrown from his carriage and received personal injuries.

Upon motion for new trial the defendant contended that, in view of the plaintiff's age and defective sight, it was negligence for him to drive upon a public street. It did not appear that the plaintiff's infirmities of age or sight contributed to his injuries. *Held;* that the motion cannot be sustained for that reason.

The presiding justice instructed the jury, that in determining whether the plaintiff was in the exercise of ordinary care, they should weigh all the circumstances, and that the condition of the plaintiff must be considered, and that he must use the degree of care for a man in his condition—such a degree of care as men who are near-sighted, as he was, being ordinarily prudent, would use under the same circumstances. *Held;* that the instruction was correct.

To prove that the defendant city had twenty-four hours' notice of the defect which caused the plaintiff's injury, the plaintiff relied upon an admission that an alderman of the city had at least twenty-four hours' notice that the steam engine and boiler were in the street, and apparently used in hoisting material into the building.

*Held;* that the jury was justified in finding that the city had actual notice that the engine was in the street for the purpose of being operated, and that such notice included the common knowledge that such an engine in its ordinary and proper operations would emit steam, thereby producing noise; and that, therefore, it had actual notice of the defect which caused the plaintiff's injuries.

On Motion and Exceptions by Defendant.

The case appears in the opinion.

*D. J. McGillicuddy and F. A. Morey*, for plaintiff.

*H. E. Holmes*, for defendant.

The court should not have left the question of what the alderman had notice of under the admission to the jury; but should have instructed them as a matter of law, the facts being admitted. When the facts in a case are found by uncontradicted and unquestioned testimony, or by agreement, or by special verdict, their legal effect is a matter of law to be determined by the court. *Todd* v. *Whitney*, 27 Maine, 480; *Witham* v. *Portland*, 72 Maine, 539.

The verdict is against the evidence,—the weight of evidence showing that the defect, if there was any, in the highway, was not the sole cause of the plaintiff's injury, other causes acting, the principal one being the plaintiff's contributory negligence.

The particular defect which caused the injury, and upon which the plaintiff relied, was the noise made by the blowing off of steam. The simple existence there of the boiler and engine was not the defect and was not claimed to be a defect. But it was not admitted that Dr. White, or any other municipal officer, had twenty-four hours' actual notice of the noise, which the plaintiff claimed frightened his horse, and which, he says, was the particular defect.

Counsel cited: *Priest* v. *Groton*, 103 Mass. 540; *Littlefield* v. *Webster*, 90 Maine, 213, and cases; *Pendleton* v. *Northport*, 80 Maine, 598; *Hurley* v. *Bowdoinham*, 88 Maine, 293; *Spaulding* v. *Winslow*, 74 Maine, 529.

Sitting: Wiswell, C. J., Emery, Haskell, Whitehouse, Strout, Fogler, JJ.

Fogler, J. The plaintiff brings this action to recover damages for personal injuries caused by an alleged defect in Main street in the city of Lewiston. The verdict was for the plaintiff and the defendant brings the case here upon a motion for new trial and

upon exceptions to instructions given to the jury by the presiding justice.

At the time when the accident occurred to the plaintiff there was standing, and had been standing for several weeks within the limits of Main street, and opposite a building in process of erection, a portable steam engine and boiler used for hoisting materials for the construction of said building. The shoe or planking, upon which the boiler and engine rested, extended from the outer curbing of the sidewalk into the paved and traveled part of the street a distance of about fourteen feet. On the day of the accident, the plaintiff, a man nearly eighty-three years of age and whose eyesight was somewhat defective, and whose physical strength was more or less impaired by age, was driving alone along Main street on his way to a certain store on Lisbon street which is at a right angle, or nearly so, to Main street. He was seated in an old-fashioned Concord wagon drawn by a horse ordinarily gentle and kind. When opposite the said engine and boiler, the plaintiff's horse became frightened by the noise caused by steam escaping from the engine, and started up quickly into a gait described by some of the witnesses as a gallop, and by others as a jumping or broken gait. In turning into Lisbon street the wagon slewed and struck some obstacle, probably a rail of the street railway track, and lurched to such an extent that the plaintiff was thrown or fell from his wagon to the pavement, producing the injuries complained of.

The defendant contends that the plaintiff is not entitled to recover for two reasons.

1. Because the plaintiff was guilty of contributory negligence; and, secondly, because he has not sufficiently proved that the municipal officers, or street commissioner, of the defendant city had twenty-four hours' actual notice of the defect which caused the injury.

The defense does not rely upon any particular act of negligence on the part of the plaintiff, nor upon any failure to conduct himself in any particular respect, with ordinary care, but contends that it was imprudent and negligent for a man of the plaintiff's

years and infirmities to drive a team alone upon the streets of the city. If this latter proposition were correct, it would not constitute contributory negligence unless his age and infirmities contributed to his injury. It appears from the testimony that the plaintiff was vigorous for a man of his age. He testified that, though his eyesight was defective, he could see a team or other obstacle ten rods away. After his horse became frightened he collided with no team or other obstacle. He at no time lost the entire control of his horse. The question of contributory negligence was properly submitted to the jury under, as we think, correct instructions. We cannot say that the determination of the jury upon that point was manifestly wrong.

The defendant excepts to the instruction given to the jury by the presiding justice upon this question of contributory negligence. We discover no error therein. The presiding justice, after stating to the jury the contention of the parties as to the weight which should be given to the fact of the plaintiff's defective sight, instructed them as follows:

"It is for you to say in view of all the circumstances whether Mr. Ham was in the exercise of ordinary care. It is true, however, that the circumstances must be weighed and the condition of the plaintiff must be considered. If a man is near-sighted and has trouble with his eyesight in a place when he is called upon to exercise and use his eyes, where seeing is necessary, he necessarily should use, and must use a greater degree of care than a man whose sight is perfect. But when you come to think of it, it is the same rule after all that I have already given you; he must use the degree of care, the ordinary care, for a man in his condition, such a degree of care as men who are near-sighted, as he was, being ordinarily prudent, would use under the same circumstances." The exceptions on this point must be overruled.

II. By a provision of R. S., ch. 18, § 80, the plaintiff was required, to enable him to recover, to prove that the municipal officers, or street commissioner, of the city of Lewiston had at least twenty-four hours' actual notice, before he received his injuries, of the defect of which he complains. As proof of such notice the

plaintiff relied upon the following admission made by the defendant at the trial: "It is admitted that one of the municipal officers, Dr. Ezra H. White, an alderman of the city of Lewiston, had at least twenty-four hours' notice that the steam engine and boiler were there at the time of the accident and had been for a period of several weeks before, and was apparently used to hoist material into the building." No other testimony as to notice was introduced. The defendant's counsel denies that the foregoing admission proves actual notice to the defendant of the identical defect which caused the plaintiff's injuries. He contends that, while the admission is proof of notice of the fact that the engine and boiler were standing within the limits of the street and apparently used for a certain purpose, it is not sufficient proof of notice of the noise emanating therefrom, which frightened the plaintiff's horse. He relies upon the rule, well settled in this state, that the actual notice required by the statute must be of the identical defect which caused the injury and that notice of a cause which may, or is likely to produce the defect, is not sufficient. *Smyth* v. *Bangor*, 72 Maine, 249; *Littlefield* v. *Webster*, 90 Maine, 213; *Gurney* v. *Rockport*, 93 Maine, 360.

The question whether the alderman had actual notice of the defect which caused the plaintiff's injuries, or only of a cause which produced such defect, was submitted by the presiding justice to the jury, and to this the defendant excepts; and contends that the justice should have instructed the jury as a matter of law, there being no conflict of testimony upon that point, that actual notice of the defect had not been proved. We think the question was properly submitted to the jury. When the testimony is oral (and in the case at bar the admission was oral in character) or the proof of actual notice is circumstantial, the question whether there has been actual notice is for the jury. *Rogers* v. *Shirley*, 74 Maine, 149, citing *Porter* v. *Sevey*, 43 Maine, 519.

We think the jury was not in error in finding for the plaintiff. The admission shows that the defendant city had notice, through its alderman, one of its municipal officers, that the engine and boiler stood within the street limits in close proximity to a building in

process of erection and was apparently used in hoisting materials into such building. We think the jury were justified in finding, as they must have found, that the city had notice that the engine was being used for some purpose, and that such notice included the common knowledge that such an engine in its ordinary and proper operations would emit steam, thereby producing noise; and that therefore it had actual notice of the defect which caused the plaintiff's injuries.

<div align="right">*Motion and Exceptions overruled.*</div>