ALICE RUSSELL *vs.* FREDERICK D. VERGASON.

Second Judicial District, Norwich, October Term, 1920.
WHEELER, C. J., BEACH, CASE, CURTIS and GREENE, Js.

A pedestrian in crossing a highway is bound, on reaching its surfaced part, to look in the direction from which vehicles may be expected.
An erroneous ground or reason for a correct decision will not vitiate it.
This court cannot sustain a verdict for the plaintiff upon the theory of the last-clear-chance rule, if such rule was not referred to in the pleadings nor invoked upon the trial; although the evidence furnished a basis for an application of that rule.
A material fact in a plaintiff's case may be supplied from the evidence introduced by the defendant; for in closely contested cases the truth rarely is to be found solely in the testimony of one side.
It cannot be said, as matter of law, that a pedestrian who attempts to walk over twenty-three feet of highway to the curb in front of an approaching automobile, then one hundred and sixty feet distant, is guilty of negligence.
A pedestrian upon the highway must exercise reasonable care, which, owing to increased traffic and the consequent danger, calls for a more vigilant circumspection than formerly. Nevertheless, he has the right to rely for his protection, in part at least, upon the observance of the law of the road by drivers of vehicles, under

which they are legally bound to keep a careful lookout, to use reasonable speed, to give timely warning of their approach, and to have their vehicles under control.

Argued October 19th—decided November 10th, 1920.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New London County and tried to the jury before *Kellogg, J.;* verdict for the plaintiff for $3,000, which the trial court, upon motion of the defendant, set aside as against the evidence, and from this decision the plaintiff appealed. *Error; judgment to be entered for plaintiff on verdict.*

The defendant filed a bill of exceptions which was allowed. *No error.*

*Abel P. Tanner* and *George C. Morgan,* for the appellant (plaintiff).

*Allan K. Smith,* for the appellee (defendant).

WHEELER, C. J.   The trial court set aside the verdict and the plaintiff appeals.

The jury might reasonably have found from the evidence offered by the plaintiff: that she stepped from the stoop in front of Banning's store to the Norwich road, a highway in Norwich, in order to go straight across this highway to the only sidewalk upon it, located on its west side; that as she did so she looked for conveyances approaching from the north, and seeing none continued on directly across the highway, traveling at a speed of about three miles an hour, covering the eighteen feet to the double trolley-tracks, the fifteen feet across them, and twenty feet over the surfaced part of this highway and coming to within three feet of the sidewalk, when she was struck by defendant's automobile approaching from the north and traveling

at a speed of from twenty to twenty-five miles an hour, and that the speed of the car did not slacken nor its bell sound before the accident. It did not appear from the evidence offered by the plaintiff that she looked to the north except when she stepped upon the highway from the store stoop. The trial court held that the plaintiff should have looked before entering upon the surfaced part of the highway, and based its conclusion upon its finding that no witness other than the plaintiff had testified upon this subject. The court was right in its legal conclusion as to the plaintiff's duty, inasmuch as she must be assumed to have known the danger from automobiles passing over this surfaced part of the highway, and the liability of one or more reaching the part of the highway she was crossing before she got on the sidewalk, although none were in sight when she looked on leaving the stoop, and her line of vision extended to the north for two hundred and fifty feet.

But the court was wrong in its recollection of the evidence. Both the defendant and his wife, and Dr. Kruck, testified that when the plaintiff was upon the second trolley-track she stopped and looked to the north at the approaching car. Finding the reason for the court's decision erroneous will not vitiate its decision in setting aside the verdict, if upon other and legal grounds the same result must follow.

If the plaintiff's evidence be considered apart from that of other witnesses, her own conduct in failing from about the time she left the stoop to look for approaching conveyances upon this much traveled highway must be held to be conduct exhibiting a want of reasonable care and to have materially contributed to her injuries, and upon the case of the plaintiff as pleaded and tried she could not recover.

The plaintiff was in the zone of danger during all of

the time she was crossing the surfaced part of the highway, and the jury may have found, upon her testimony and that of Johnson, that she walked across this surfaced way without stopping or looking to the north, and that the defendant saw her from the time she left the store stoop and saw that she was proceeding in apparent unconsciousness of his approach, and that from the time he saw her in this place of danger he neither sounded his horn nor gave her warning of his approach, but continued on at a speed of upward of twenty miles an hour until about the time his car struck her, and that after he saw her in this position of danger he could have checked or stopped his car or turned it to the east in time to have avoided the accident. It follows, as matter of law, that if the jury found these facts proven, the defendant's own negligence was the last proximate cause of the accident, and not that of the plaintiff in failing to do her duty by looking to the north when she was entering upon the traveled way. The situation thus found would have justified a verdict for the plaintiff upon the last-clear-chance doctrine. That feature of the case was not presented in the pleadings, nor upon the trial, and we may not sustain a verdict upon an issue present in the evidence but not made an issue in the case.

But the jury were not confined to the evidence offered by the plaintiff for their finding of the facts. The truth does not often lie in closely contested cases altogether upon one side. It is often found partly in the evidence of the plaintiff and partly in that of the defendant. If the evidence, viewed as a whole, presents any reasonable cause of action within the law and within the issues, the verdict of the jury should not be set aside. So in this case, the jury may reasonably have found that she looked upon leaving the store stoop, and that she also looked as she entered or

was about to enter the surfaced part of the highway, as the defendant and his wife and Dr. Kruck say, and that the defendant's car was then approaching at the rate of from twenty to twenty-five miles an hour, as Johnson and Casey testify. The jury might also reasonably have found that the plaintiff, while crossing the surfaced way, was walking at the rate of about three miles an hour, and that from the moment she looked, as the defendant says, until she was struck, she had traveled twenty feet. From this the jury were entitled to find that this automobile was traveling at least eight times as fast as the plaintiff, and hence was about one hundred and sixty feet north of the plaintiff when she looked as she entered, or was about to enter, upon the surfaced way. Had the jury so found, the question for our decision would have been this: As a matter of law, was it negligent for the plaintiff to continue on across a twenty-three foot surfaced highway, walking at the rate of three miles an hour, when an automobile was approaching from the north and would reach the line of the highway, which she was passing over, when she was within three feet from the sidewalk. One hundred and sixty feet is two thirds of an average city block. May not this pedestrian have mistaken the speed of the approaching automobile and judged she had time to reach the sidewalk opposite, twenty-three feet distant, before the automobile could pass this line? Such a judgment, though a mistaken one, cannot be said to make her conduct negligent as a matter of law; she came within three feet of reaching the sidewalk. May she not have anticipated, reasonably, that her equal right to the use of the highway at this point, for the purpose of crossing it, would be respected by the automobilist to the extent of slackening his speed so that she could pass in safety? May she not have crossed without being held negligent for not anticipating

that the defendant would drive on without reducing his speed and along that part of the surfaced way nearest the curb? May she not reasonably have anticipated that the approaching automobile would keep in the middle of the surfaced way and away from contact with her as she passed beyond the middle of this way? These were all considerations for the jury and they might have resolved them in favor of the plaintiff.

The pedestrian must exercise reasonable care, and, due to the increased danger of traveling upon our highways, his duty is far heavier than formerly. Nevertheless, he has the right to rely in part, at least, upon the protection which the law gives him in imposing upon the operator of the automobile the duty of operating with the knowledge of the liability of pedestrians being upon the highway, and that he will keep a careful lookout, use reasonable speed, give timely warning of approach, and keep his car under control. Whether the plaintiff's own negligence was a proximate cause of this accident, depended on whether she exercised reasonable care under all of the circumstances of the case as found by the jury, and, under our law, that was a question of fact for the jury. *Farrell* v. *Waterbury Horse R. Co.*, 60 Conn. 239, 21 Atl. 675, 22 id. 544.

We do not consider the question of the defendant's negligence, since both the trial court and the parties concede that the jury might have been reasonably justified in so finding upon the evidence.

We have not treated of the case, as claimed proven by the defendant, that the plaintiff stopped in the middle of the surfaced way in a place of safety and then hurried on when the automobile was nearly upon her and herself rushed into a place of danger. A finding, such as this, would forbid a recovery.

The defendant's exceptions may be disposed of briefly. We are of the opinion that the requests form-

ing the basis of these exceptions were substantially given in the charge.

There is error and the cause is remanded with direction to enter judgment in accordance with the verdict.

In this opinion the other judges concurred.