DANIEL CECIL *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, New Haven, January Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

Whether in alighting from a trolley-car and crossing the street to the sidewalk, a passenger exercised due care or not, is ordinarily—as in the present case—a question of fact for the jury in view of all the attendant circumstances.

Such alighting passenger has the right to rely upon the protection which the law gives him in requiring that a car approaching a street crossing, or another car standing upon a parallel track for the reception or discharge of passengers who, for this purpose, are likely to be crossing the adjoining track,—shall be operated with careful lookout, under reasonable speed and control, and give timely warning of its approach.

Argued January 18th—decided January 29th, 1924.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the

defendant, brought to the Superior Court in New Haven County and tried to the jury before *Haines, J.;* verdict and judgment for the plaintiff for $10,000, and appeal by the defendant. *No error.*

*Terrence F. Carmody,* for the appellant (defendant).

*Joseph C. Guilfoile,* for the appellee (plaintiff).

PER CURIAM. The jury might reasonably have found these facts: The trolley-car of the defendant came to a stop on the north-bound track just beyond Windsor Street in Waterbury, and three passengers alighted therefrom: one, Leggett, alighted from the front exit, passed in front of this car and thence across the south-bound track; another, the plaintiff, on alighting, looked north for an approaching car on the south-bound track and saw none. The range of his vision was cut off by the car he had alighted from, for the distance of one thousand feet north. Having looked to the north, he turned and passed over the north-bound track in the rear of the standing car, and directly upon the south-bound track, either without looking to the north, or without looking until about the moment he stepped on to the south-bound track. The defendant's car was proceeding on this track at a very rapid speed, and struck and injured the plaintiff at about the time he stepped upon this track.

The jury might have reasonably found the defendant negligent in the operation of this car, and the case turns upon whether or not the plaintiff was himself negligent. The plaintiff, after looking to the north, saw Leggett across the south-bound track, thus indicating that it was apparently safe for Leggett to have crossed this track. He was familiar with this location, lived upon Morningside Avenue near by, and traveled to and from his work on defendant's cars. The motorman, called

as a witness by the defendant, testified on cross-examination that the north-bound car was in motion and not standing, and that he would not have gone by this car had it been standing, and that he figured it was perfectly safe to go by that car as fast as he was going because he had no idea that anybody would be leaving it. It was a fair inference from this, that the reasonable operation of his car required the motorman to stop his car in passing this car, had it been standing, so that those alighting therefrom could cross the south-bound track and so reach the opposite side of the highway. It was a reasonable inference for the jury that the plaintiff was familiar with the practice of defendant in not passing a standing car from which passengers were alighting. Combining this inference with the inference to be drawn by the plaintiff from having just seen that Leggett had crossed the south-bound track, and with the fact to which he testified, that no warning was given of the approach of this car,—the jury might reasonably have found that the plaintiff relied upon the circumstances as indicating that no car was approaching, and if they so found, they might have found that his reliance was not unreasonable in the circumstances and hence his conduct in crossing the south-bound track in front of this car, either without looking, or without adequately looking, was not negligent conduct. The plaintiff had a right to rely upon the protection which the law gives him, that a car approaching a street crossing or a car standing upon a parallel track from which travelers are liable to be alighting, or into which they are liable to be entering, and for these purposes liable to be crossing the track upon which the approaching car is proceeding, will be operated with careful lookout, under reasonable speed and reasonable control, and give timely warning of its approach. The plaintiff's conduct is to be judged in

the light of all the circumstances, including what the plaintiff and the motorman did and what they omitted to do, and the circumstances upon which each had a right to rely. The determination of this question in this case is not one of law, but of fact for the jury. "Whether the plaintiff's own negligence was a proximate cause of this accident, depended on whether she exercised reasonable care under all the circumstances of the case as found by the jury, and, under our law, that was a question of fact for the jury." *Russell* v. *Vergason,* 95 Conn. 431, 436, 111 Atl. 625.

There is no error.