CHARLES J. McLAUGHLIN, ADMINISTRATOR, *vs.* LOUIS SCHREIBER ET AL.

First Judicial District, Hartford, January Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND JENNINGS, Js.

Within the meaning of the doctrine of the last-clear-chance, a pedestrian crossing the traveled portion of a highway is ordinarily

within a zone of danger for its entire width as far as approaching automobiles are concerned; but as to trolley cars, which are limited to a defined path, the zone of danger is necessarily confined to the track.

Between six and seven o'clock on a December evening, the plaintiff's intestate left the north curb of a paved highway, which was fifty-one feet in width and through the middle of which ran two lines of trolley tracks. Without looking in either direction for approaching traffic, she walked directly toward the opposite side of the street where it was intersected, but not crossed, by another highway. When at a point ten feet from the curb of the southeasterly corner of this intersection, she was struck by the defendant's automobile, which he was driving in a easterly direction at a speed greater than thirty-five miles an hour without seeing the decedent or maintaining a lookout for travelers on the highway or giving any signal or warning of his approach, and without turning in any direction to avoid striking the decedent, although the road was clear of other vehicles or obstructions. *Held* that since the jury might reasonably have found that the decedent was in a position of peril at least from the moment when she stepped upon the westbound trolley track, and since the other essentials of the last-clear-chance doctrine were present in the case, the verdict for the plaintiff was supported by the evidence.

Argued January 6th—decided March 2d, 1927.

ACTION to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendants, brought to the Superior Court in Hartford County and tried to the jury before *Banks, J.;* verdict and judgment for the plaintiff to recover $2,500 from the defendant Louis Schreiber, from which he appealed. *No error.*

*John C. Blackall,* with whom, on the brief, was *Edward W. Broder* and *David R. Woodhouse,* for the appellant (defendant Louis Schreiber).

*Charles J. McLaughlin,* for the appellee (plaintiff).

JENNINGS, J. This appeal is based solely on the refusal of the trial court to set aside the verdict. The

defendants offered no evidence and the witnesses agreed as to the main facts of the case.

Jennie Maher, plaintiff's intestate, was a single woman in good health and sixty-three years of age. She was employed by the Plimpton Manufacturing Company. Between six and seven o'clock on the evening of December 14th, 1925, she was standing on the northerly side of Albany Avenue in Hartford nearly opposite the southeast corner of Albany Avenue and Sigourney Street, which intersects but does not cross the avenue. Albany Avenue at this point is about fifty-one feet wide and is paved with asphalt over its entire width. Two lines of trolley tracks run through the middle of the street. The street was well lighted at this point by an arc light. The pavement was dry and the weather clear. There was nothing to obstruct the view on Albany Avenue for a considerable distance both east and west of its intersection with Sigourney Street.

Miss Maher stepped from the curb to cross Albany Avenue, neither looking to the east nor west for approaching traffic. She walked straight across the street neither looking, as she walked, to the east nor west for approaching traffic, and was struck by the car approaching from the west and driven by the defendant Schreiber when about ten feet from the south curb. As he approached the intersection of Albany Avenue and Sigourney Street his car was traveling at a speed of upward of thirty-five miles an hour, he gave no warning of his approach and did not slacken his speed either before or after striking the decedent. There was at this time no other vehicular obstruction on this avenue at or near the place of the accident, and there was a space from this point to the north curb of the avenue of forty-one feet which was open and clear of traffic. Schreiber, as he approached

this intersection, was not looking out for travelers crossing the avenue from north to south and did not see Miss Maher. Had he been keeping such lookout he would have seen her crossing this avenue. After his car struck her Schreiber did not stop but. drove away; he was later identified. in the police court. Upon the trial he did not testify, nor offer testimony in his own behalf, or in contradiction of plaintiff's witnesses. After being knocked down by Schreiber's car she was again struck by the car of the other defendant, the Case, Lockwood and Brainard Company Miss Maher was severely injured and died as a result of these injuries four days later.

The trial court refused to set aside the verdict on the ground that the above facts bring the case within the last-clear-chance doctrine.

In support of his contention the appellant relies on two Connecticut cases: *Hizam* v. *Blackman,* 103 Conn. 547, 131 Atl. 415, and *Nehring* v. *Connecticut Co.,* 86 Conn. 109, 84 Atl. 301, 524. The first case accurately describes the due care required of a pedestrian where the last-clear-chance doctrine is not involved. This doctrine was not invoked in that case, presumably for the reason that there was insufficient light at the place of the accident to enable the defendant to see the plaintiff in time to avoid hitting him.

In comparing the facts in the case under consideration with those in the *Nehring* case, the appellant suggests that Albany Avenue be divided into two zones of danger, one north of a line drawn between the trolley tracks and one south of it. Each case must be decided on the facts peculiar to it. No such refinement is called for here. The rule in *Russell* v. *Vergason,* 95 Conn. 431, 111 Atl. 625, applies, where we say, at page 433: "The plaintiff was in the zone of danger all of the time she was crossing the surfaced part of

the highway." A different situation arises where a trolley car is concerned, as was the case in *Nehring* v. *Connecticut Co., supra.* There the zone of danger is necessarily confined to the track. As we say in that case, at page 126: "For aught that appears, he did not step into the zone of danger until the very instant that he was hit, and he took that step by his own voluntary act. Under the principles already laid down, his negligent conduct must be regarded as a proximate cause of the harm which befell him, and he as having been guilty of contributory negligence barring recovery in the action." We discussed this same principle and its application in the case of *Richard* v. *New York, N. H. & H. R. Co.,* 104 Conn. 229, 236, 132 Atl. 451.

Unlike a trolley car, an automobile is not confined to any particular part of the highway. It necessarily follows that ordinarily the entire width of the highway is a zone of danger. Miss Maher was negligent in stepping from the north curb to cross Albany Avenue without looking to the east and west for approaching traffic. This negligent conduct on her part could not have been held to be a proximate cause of the accident, provided the jury might reasonably have found the last-clear-chance doctrine applicable to the situation presented upon the evidence.

The defendant's own conduct was very manifestly negligent; indeed, the jury might reasonably have found his conduct wanton, that is, reckless in disregard of the rights of other travelers upon this highway. The jury might reasonably have found that Miss Maher was in a position of peril at least from the moment she stepped upon the westbound trolley track, and was continuing on, apparently unconscious of her peril and not going to avail herself of the opportunity to escape from it. It might have further found that,

had the defendant been in the exercise of reasonable care, he would have known of her danger, and that she apparently would not avail herself of the opportunity to escape from it, and that he, subsequently to such knowledge, either by stopping, or checking the speed of his car, or by turning it to the north, or further to the south, could have avoided striking her, and failed to exercise such care. Had the jury so found, they must, under the charge upon the last-clear-chance doctrine, which we assume was correctly given them, have found that the defendant's negligence was the proximate cause of the accident. *Fine* v. *Connecticut Co.*, 92 Conn. 626, 631, 103 Atl. 901.

There is no error.

In this opinion the other judges concurred.