JOHN SKOVRONSKI *v.* MICKINLEY GENOVESE.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued June 17th—decided July 30th, 1938.

*Thomas F. McDonough,* for the appellant (defendant).

*Cyril F. Gaffney,* for the appellee (plaintiff).

HINMAN, J.  The only issue pursued concerns the conclusion of the trial court that the plaintiff was not guilty of any negligence which was a proximate cause of his injuries.  The following are the facts found which are relevant thereto with such additions as the defendant is entitled to.  Broad Street in New Britain runs east and west and Grove Street intersects it at approximately right angles.  The plaintiff, at about 8:20

p. m. on November 22d, 1936, after walking northerly along the westerly side of Grove Street, was crossing Broad Street upon the westerly crosswalk and had reached a point thereon ten feet from the northerly curb when he was struck by the defendant's automobile traveling westerly on that street, and was seriously injured. Broad Street was forty-five feet in width including gutters two and one-half feet wide on each side. There was an unobstructed view of that street for a distance of more than a quarter of a mile easterly from the intersection. Upon reaching the intersection the plaintiff looked to the west and the east and upon stepping from the curb looked again in both directions, did not see any automobiles approaching from any direction, and proceeded to cross without looking again to observe traffic conditions and did not see the defendant's car before it struck him. There was no other traffic at the intersection at the time. The defendant was driving at a speed greater than twenty-five miles per hour, did not slow down on approaching or passing through the intersection, gave no warning of his approach, and his car continued on for forty feet after striking the plaintiff. It is not now questioned that the conclusion that the defendant was negligent was warranted.

Specifically the defendant's claim is that because the plaintiff, after looking in both directions upon leaving the curb, did not again look for approaching traffic while proceeding across the street, he is to be adjudged guilty of contributory negligence as a matter of law. Whether he was negligent depends upon whether he exercised reasonable care under all the circumstances of the case. *Russell* v. *Vergason,* 95 Conn. 431, 436, 111 Atl. 625. Ordinarily a conclusion of negligence or of freedom from it is one of fact. The reason is that "the law itself furnishes no certain,

specific, sufficient standard of conduct, and, of necessity, leaves the trier to determine, both what the conduct is, and whether it comes up to the standard, as such standard exists in the mind of the trier. . . . In every such case the trier, for the time being, adopts his own opinion, limited only by the general rule, of what the man of ordinary prudence would or would not do under the circumstances, and makes such opinion the measure or standard of the conduct in question." *Farrell* v. *Waterbury Horse R. Co.*, 60 Conn. 239, 250, 21 Atl. 675, 22 id. 544. It is only when, as sometimes happens, "the conduct under investigation is so manifestly contrary to that of a reasonably prudent man, or is so plainly and palpably like that of such a man, that the general rule itself may be applied as a matter of law." idem, p. 249. In *Russell* v. *Vergason,* supra, 433, it was indicated that if the plaintiff therein had failed to look for approaching traffic after leaving the stoop in front of a store and "when she was entering upon the traveled way" she could be held contributorily negligent as matter of law, and in *McLaughlin* v. *Schreiber*, 105 Conn. 610, 614, 136 Atl. 467, it was similarly held. In *Porcello* v. *Finnan,* 113 Conn. 730, 732, 156 Atl. 863, and *Catricola* v. *Hayes,* 114 Conn. 716, 717, 157 Atl. 271, we held that a pedestrian who, before crossing a street, looked and saw an automobile but so far away that he could reasonably expect to cross in safety, could not be held guilty of contributory negligence as a matter of law, although in the latter case he continued across the street without looking again until he was struck when near the further curb. See also note, 79 A. L. R. 1082, 1087.

In the present case the plaintiff looked before leaving the sidewalk and again when entering upon the traveled way. While he is to be regarded as charged with knowledge of what he reasonably could have seen

when he so looked, considering the speed at which the defendant is found to have been traveling his car might not have been visible or, if it was, at least might have been so far distant that the plaintiff, if he had observed it, might reasonably consider that he had no cause for apprehension from it and that he had ample time to cross the street without further observation of it, especially since he was entitled to assume that the defendant would proceed with reasonable care as to speed, control, look-out and warning, appropriate to the situation and with due regard to the rights of pedestrians traversing crosswalks. *Cecil* v. *Connecticut Co.*, 100 Conn. 286, 288, 123 Atl. 443. At most we cannot hold that the plaintiff's failure to look again was so palpably contrary to the conduct of a reasonably prudent person as to render the question one of law; it remains one of fact as to which the decision of the trier is conclusive.

There is no error.

In this opinion the other judges concurred.