EDWARD J. NAYLOR, ADMINISTRATOR, *vs.* WINTHROP A.
HAVILAND.

Third Judicial District, Bridgeport, April Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

It cannot be said that one is necessarily and as matter of law guilty of
    contributory negligence merely because he fails to look in the direc-
    tion from which an approaching vehicle might naturally have been
    expected while he is in the act of alighting from a trolley-car or is
    taking his first step forward; and if he is hit and injured by an
    automobile under such circumstances, the question of his con-
    tributory negligence is one of fact for the determination of the jury.
The rule of conduct which requires one about to attempt a dangerous
    crossing to make reasonable use of his senses, rests upon the suppo-
    sition that he has moved from a place of comparative safety into a
    place of danger and has had a fair opportunity to make use of his
    faculties.

Argued April 22d—decided June 10th, 1914.

ACTION to recover damages for personal injuries to
the plaintiff's intestate, alleged to have been caused by
the negligence of the defendant in the operation of an

automobile, brought to and tried by the Superior Court in Fairfield County, *Bennett, J.;* facts found and judgment rendered for the plaintiff for $2,500, and appeal by the defendant. *No error.*

*Edward W. Broder* and *Sanford Stoddard,* for the appellant (defendant).

*Carl Foster,* for the appellee (plaintiff).

BEACH, J.   The plaintiff's decedent was getting off a trolley-car at the intersection of Colorado Avenue and State Street, which is a customary stopping place for trolley-cars in the city of Bridgeport, when he was struck by the defendant's automobile coming from the opposite direction to that in which the trolley-car had been moving.  The defendant's automobile was traveling in an easterly direction on the north or left-hand side of the highway, because the south side of State Street for some distance at and near the place of the accident was impassable for traffic on account of paving operations.  The defendant in approaching the trolley-car saw that it was about to stop to let off or take on passengers, and slackened his speed somewhat, but drove past the trolley-car at a speed in excess of eight miles an hour, and so near as to leave a space of not more than three feet between the trolley-car and the automobile.  These facts clearly establish the defendant's negligence, and the sole claim on the part of the defendant is that on the facts found the trial court erred in not holding the plaintiff's decedent guilty of contributory negligence.

The facts chiefly relied on in support of the claim of contributory negligence are that the plaintiff's decedent was a resident of Bridgeport and knew that the south side of State Street was obstructed, and that all traffic

in both directions must pass between the car from which he was alighting and the sidewalk; that the accident happened about 10:30 P. M., and the defendant's automobile, being equipped with powerful headlights, could be seen about two hundred feet away; and that the plaintiff's decedent did not look to the west at any time before he was struck. The whole point of the appeal is that he was necessarily guilty of contributory negligence in not doing so. The defendant relies upon the rule of conduct that one who is about to attempt a dangerous crossing must make reasonable use of his senses, and claims that such a person is necessarily negligent if he omits to turn his head and look in a direction from which the danger may be expected. It is admitted that under ordinary conditions of traffic the plaintiff's decedent would have had occasion to expect danger only from the east; but it is claimed, and rightly so, that the special finding of his knowledge as to the condition of State Street would require him to look in both directions, if the rule relied on were applicable at all. The rule, however, is predicated on the hypothesis that the party against whom it is applied has moved from a place of comparative safety into a place of danger without exercising an obvious precaution which he had a fair opportunity to use. It does not apply, as a rule of law, to the situation presented by the finding of the trial court in this case, which shows that the plaintiff's decedent reached the ground just as the car came to a stop, and that he was struck by the defendant's automobile within the instant after he stood on the ground and took one step forward, and while within three feet of the trolley-car. This condition of fact is very different from the case of one who, standing in a place of safety on the sidewalk, attempts to cross a street without looking. In *Wolfe* v. *Ives*, 83 Conn. 174, 76 Atl. 526, the plaintiff got off the trolley-car and crossed

nearly to the opposite sidewalk when he was run down by an automobile which was attempting to give the car a wide berth. In *Kauffman* v. *Nelson*, 225 Pa. St. 174, 73 Atl. 1105, the facts on which the case turned are not very definitely stated in the opinion, but it is said that the weight of the evidence tended to show that the automobile turned in toward the car to pass behind the plaintiff who had gotten off the car and started for the sidewalk without looking, and that the plaintiff then became confused and started back again and was struck.

We think it would be carrying the rule contended for by the defendant too far, to say that it was negligence in point of law for the plaintiff's decedent to get off the car and move only far enough to clear himself from it before looking to the west. It does not appear how much traffic there was on State Street at that time of the evening; and, unless the street was crowded, a careful person might properly assume that if any automobile did pass while he was getting off the car it would give him a wide enough berth for standing room on the ground and to clear himself from the car. During the act of alighting from the car he might reasonably look where he was stepping and assume that the car itself in coming to a stop at a usual stopping place would warn an approaching vehicle not to pass close to the car. After he had reached the ground and cleared himself from the car and was standing in a place which under ordinary conditions of traffic might reasonably be regarded as a place of safety, the rule which the defendant contends for would properly begin to operate.

Until then, the question of whether he was guilty of contributory negligence or not, from failing to look to the west, was a conclusion of fact to be drawn from all the evidence in the case, and not an inference of law from the mere fact of not looking. We cannot say from

the findings that the trial court erred in holding that the plaintiff's decedent was not guilty of contributory negligence.

There is no error.

In this opinion the other judges concurred.