## MATILDA WENNELL *vs.* EDGAR H. DOWSON.

## JANET WENNELL *vs.* EDGAR H. DOWSON.

Third Judicial District, Bridgeport, October Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A passenger in alighting from a trolley-car at a customary stopping-place is not necessarily and as matter of law guilty of contributory negligence merely because he does not first look out for approaching vehicles.

One regularly employed by a corporation may become for the time being and with respect to a particular matter, the personal agent of one of the corporation's officers.

In the present case the parties were at issue as to whether the chauffeur of the automobile which caused the plaintiff's injury as she was alighting from a trolley-car, was the agent of the defendant personally or of the corporation of which the defendant was an officer. Upon this point the evidence was conflicting, but the trial court found that the chauffeur was the agent of the defendant personally. *Held* that the evidence was sufficient to justify the court in reaching this conclusion.

Damages for the loss of services of a minor, extending beyond the date of the commencement of the action but not beyond his minority, are logically and necessarily inferable from an allegation that the injury for which damages are claimed was of a continuing character.

Argued October 27th—decided December 21st, 1914.

ACTIONS to recover damages accruing to the respective plaintiffs—a sole surviving parent and her minor child—from personal injuries to the latter caused by the defendant's alleged negligence, brought to the Superior Court in New Haven County and tried together to the court, *Gager, J.;* facts found and judgments rendered for the parent to recover $275 and the minor child $700, from which the defendant appealed. *No error in either case.*

*Frank E. Bollman* and *Edwin S. Pickett,* for the appellant (defendant).

*Frederick L. Perry*, for the appellees (plaintiffs).

BEACH, J.    When these actions were brought, the plaintiff Janet Wennell was an infant, and the mother, Matilda Wennell, sued on her own account for loss of the daughter's services, and also as next friend of the daughter.    The cases were argued together on appeal, and may conveniently be disposed of together.

The plaintiff Janet Wennell was injured while in the act of alighting, at a customary stopping-place on Meadow Street in New Haven, from the front platform of a trolley-car operated by the Connecticut Company. The accident occurred about 6:20 P. M. at a time when passengers are, by notice posted in the cars, requested to leave by the front door.    At that time the defendant's automobile was being driven along the right-hand side of Meadow Street, in the same direction with the trolley-car, by one Hosford, a licensed chauffeur in the employ of the White Motors Company, of which the defendant was vice-president.    Hosford saw that the trolley-car was about to stop, but drove the automobile past it at a rate substantially in excess of three miles an hour, and so close to the car that the plaintiff was struck while she had one foot on the ground and the other foot on the step of the car.    The plaintiff was accustomed to get off trolley-cars at the place where the accident occurred, and knew that the traffic on Meadow Street was heavy, but did not look to her right or left in getting off the car, but directly toward the sidewalk.    The lamps of the automobile were lighted, and it could easily have been seen by the plaintiff had she looked in that direction.    The defendant claims that Janet Wennell was, as matter of law, necessarily guilty of contributory negligence in not looking toward the direction from which vehicles might be expected to approach.    This claim is unsound, for

Wennell v. Dowson.

the case is evidently controlled by the rule laid down in *Naylor* v. *Haviland*, 88 Conn. 256, 91 Atl. 186, that a passenger about to get off a stationary trolley-car at a customary stopping-place is not, as a matter of law, bound to first look out for approaching vehicles; but that a prudent person under ordinary conditions of traffic may assume that the car itself, in coming to a stop at a customary stopping-place, will warn an approaching vehicle not to pass close to the car, and may assume that if any vehicle does pass the car, it will give him a wide enough berth for standing room on the ground and to clear himself from the car. Tested by this rule, the finding of the court that Janet Wennell was not guilty of contributory negligence is not necessarily erroneous in law, and it appears to be well founded in point of fact.

The exception to the finding, that Hosford knew of the Connecticut Company's notice to passengers to leave by the front door between the hours of 5:30 and 7:00 p. m., is of little importance, in view of Hosford's testimony that he knew that passengers were likely to leave the car either by the front or rear door; but it is overruled, as the evidence would support such an inference.

It is also assigned as error that the trial court erred in holding that at the time of the accident Hosford was the servant and agent of the defendant, and not the servant and agent of the White Motors Company.

The finding is that the defendant is the vice-president of the White Motors Company of New Haven, dealers in automobiles, and that Hosford was in the Company's employ at the time of this accident. William A. Rutz was the president of the White Motors Company, and on the day of the accident the Company had been engaged to carry certain persons from the railroad station at the foot of Meadow Street to a meeting of the

New Haven Publicity Club. The service was to be gratuitous, and Rutz intended to look after it himself, but being detained in Waterbury and unable to give his personal attention to the matter, he telephoned to the defendant, Dowson, to send out his, Dowson's, automobile with a driver, and thereupon the defendant directed Hosford to take the defendant's automobile and to go to the train to meet the persons in question, take them to the meeting place of the publicity club, and then to take the automobile to the defendant's house in Westville. Hosford was carrying out these instructions, and was on the way to the railroad station when the plaintiff was injured.

We think these findings are sufficient to support the conclusion that Hosford was at the time of the accident the servant and agent of the defendant, Dowson. The gratuitous service in question was outside of the regular business of the White Motors Company, and the corporation was merely the instrument through which its president, Rutz, had engaged to carry out the performance of a sort of civic obligation which might just as well be assumed and performed by any other person, without any substantial breach of contract on the part of the corporation. The finding is that Rutz telephoned to Dowson to take his (Dowson's) car and attend to it, and that Dowson did so.

The defendant's draft-finding asked the court to find that Rutz telephoned to the White Motors Company to have some one attend to it, and, in substance, that the defendant, in so doing, was acting as an officer of the corporation and not individually. One of the assignments of error is that the court erred in refusing so to find, and the fair effect of the finding as made is that Rutz telephoned to Dowson to attend to it, as distinguished from telephoning to the corporation to attend to it. The fact that Hosford was in the

general employ of the White Motors Company is not inconsistent with his being, for the time being, the servant and agent of Dowson. It is enough if, at the time of the accident, Hosford was in charge of the defendant's property by his authority and direction and engaged upon the defendant's business and, as to such property and business, under the defendant's orders and control. *Kimball* v. *Cushman,* 103 Mass. 194; *Coughlan* v. *Cambridge,* 166 Mass. 268, 277, 44 N. E. 218; *Samuelian* v. *American Tool & Machine Co.,* 168 Mass. 12, 15, 46 N. E. 98; 1 Shearman & Redfield on Negligence (6th Ed.) § 161. The whole effect of the finding is that the defendant, Dowson, at Rutz's request, assumed the burden of carrying certain persons to the meeting of the publicity club in his own car, and through a chauffeur selected and instructed by himself, and we think that in carrying out that business the chauffeur, although employed generally by the White Motors Company, was the agent and servant of the defendant. The defendant's exception to the refusal of the court to find as above indicated is overruled.

Some parts of Rutz's testimony would indicate that he was transmitting orders to the defendant in his capacity as president of the corporation, but afterward, in answer to a question by the court, he said, "Yes; and, if I may say so, I was going to do the job myself, and then I telephoned down to have Dowson attend to it for me." Rutz's testimony as a whole is somewhat conflicting, and would support either the finding as made or the finding as requested and refused; but the question is purely one of fact, and of the weighing of conflicting fragments of testimony. The defendant himself, although denying in his answer that Hosford was his servant and agent, did not appear as a witness in support of his denial. It cannot be said that the find-

ing of the trial court and its refusal to find as requested were erroneous in point of law.

The defendant also claims that the judgment rendered in favor of the plaintiff Matilda Wennell, in the action to recover for loss of the services of the infant daughter, is excessive, on the ground that the complaint does not claim damages beyond the date of the suit, and that the damages for loss of earnings were maniifestly calculated for a longer period.

The complaint describes the injury to the daughter as a continuing one, in consequence of which she "will be compelled to lie in one position for a long period of time," and alleges that the plaintiff has suffered damage in the loss of services of the infant, without any specific allegation that such damage will continue, but we think that continuing damages from loss of service, not extending beyond the minority of the infant, are logically and necessarily to be inferred from the allegation of a continuing injury resulting in such damages.

There is no error in either case.

In this opinion the other judges concurred.