JEAN SPAGNOLA *vs.* NEW METHOD LAUNDRY CORPO-RATION ET AL.

First Judicial District, Hartford, October Term, 1930.

MALTBIE, HAINES, HINMAN, BANKS and AVERY, JS.

Argued October 15th—decided December 12th, 1930.

*Frank Covello,* for the appellant (plaintiff).

*Charles H. Walker*, with whom, on the brief, was *W. Arthur Countryman, Jr.*, for the appellees (defendants).

HAINES, J. This appeal involves but a single question, viz: Was the plaintiff guilty of contributory negligence as matter of law? A careful reading of all the evidence given on this feature of the case, satisfies us that the jury could reasonably have found that the plaintiff had stopped near the trolley rail to allow an approaching trolley car to pass; instead of passing, the car came to a full stop, and the motorman motioned to the plaintiff to pass in front of the standing car. It is a reasonable inference that at this time the defendant's automobile was not within the vision of the plaintiff, being on the other side of the car. Conforming to the direction of the motorman to pass in front of his car, the plaintiff did so, and had gone but two feet, and so about one ordinary step involving but a fraction of a second, past the car, when she was struck by the automobile, and so quickly she did not hear or see it. The jury could have found and obviously did find that the automobile driver was negligent. He was passing rapidly within about two feet of the side of a standing trolley car. As an intelligent driver, familiar with street traffic, he knew that either a passenger or some other pedestrian was liable to cross in front of the car and into his path, and the situation was such that neither could see the other until the danger of collision was imminent. He was bound to exercise care commensurate with the dangers of the situation, and he clearly did not so do. Excessive speed is clearly indicated by brake-marks for more than forty feet on the roadway, yet his car not only failed to stop but was passing the trolley

car at a considerable speed. He neither sounded his horn nor gave other warning for the protection of one who might be about to pass in front of the trolley car and who was then concealed from his view.

It is reasonably clear from these circumstances that the first and only opportunity the plaintiff had to know of the approach of the automobile was while she was covering the two feet of distance beyond the trolley car. She had the assurance of the motorman that she could cross in front of his car, and it cannot be said that she did not act the part of a reasonably prudent person in doing so. The trial court felt that she should have seen the automobile, and that her failure to do so was negligence as matter of law. But she had the right to assume that no automobile would be running at such speed within two feet of the side of a standing trolley car that it could not be stopped in time to avoid a collision with her. It cannot be said as matter of law that she was bound, under the circumstances, to stop and peer around the front of the trolley car before stepping into the street beyond for two feet. *Naylor* v. *Haviland,* 88 Conn. 256, 259, 91 Atl. 186; *Wennell* v. *Dowson,* 88 Conn. 710, 712, 92 Atl. 663. Even if, with the utmost vigilance, the plaintiff had been able to see the approaching automobile during the fraction of a second she required to cover the two feet, it is quite evident she could not, even then, have avoided the collision. A statement made by the trial court when denying the defendant's motion for a directed verdict, that this was a matter which it believed should be left to the jury as a question of fact rather than to the court as a matter of law, was, we think, the correct view. The case is not fairly distinguishable on principle from that of *Cecil* v. *Connecticut Co.,* 100 Conn. 286, 123 Atl. 443.

There is error and the cause is remanded with direction to enter a judgment on the verdict.

In this opinion the other judges concurred.