MARIE CUNNINGHAM *vs.* RICHARD S. WALSH.
GEORGE CUNNINGHAM *vs.* SAME.

DECEMBER 1, 1932.

PRESENT: Stearns, C. J., Rathbun, and Murdock, JJ.

STEARNS, C. J.   These are actions for negligence brought by a husband and his wife to recover damages for personal injuries and loss of services resulting from an accident in which Marie Cunningham was injured by an automobile truck owned by defendant and operated by his servant.

The actions were tried together, resulted in verdicts for the plaintiffs and are now in this court on defendants' bills of exceptions.   The exceptions are to the refusal to direct a verdict, to grant a new trial and to a part of the charge to the jury.

The accident occurred in Providence on Hartford avenue near the corner of Matson street about 9.30 a. m., July 25,

1930. Hartford avenue runs east and west; in the center of the street is a single line of trolley tracks on either side of which is a space for the passage of vehicles.

Plaintiffs live on Ponagansett avenue which runs northerly from Hartford avenue. The next street easterly and a short block distant is Matson street which runs northerly from Hartford avenue. On the south side of Hartford avenue opposite the corner of Matson street is a white post, a mark for a trolley car stop.

Mrs. Cunningham, hereinafter called the plaintiff, testified that, as she was walking down Ponagansett avenue intending to take a trolley car to go to her work in Providence, a trolley car running easterly passed her at the junction of Hartford avenue; that the motorman of this one-man car motioned to her to go to the white post at the corner of Matson street; that she walked rapidly on the north sidewalk of Hartford avenue until she came to a point nearly opposite the front of the car which had stopped at the white post; that she then, after looking to the east but not to the west, left the sidewalk and walked in a diagonal direction on to the trolley track in front of the car; that she walked across the track and, as she left the track to enter the front door of the car, she was struck and knocked down by what she later discovered was defendant's automobile truck; that she did not see the truck until after she was knocked down. As she fell on the street the lower part of her body was between the left front and rear wheels of the truck and the upper part was on the car track. Her external injuries were on the right leg and the right side of the pelvis.

At the time of the accident two women who were intending to enter the trolley car were waiting at the white post. These women testified that the plaintiff ran across Hartford avenue at the rear of the trolley car; that the truck was proceeding easterly behind the trolley car on the south side of the street near the curbing and that plaintiff ran into the side of the truck. The driver of the truck

testified substantially to the same effect and also that he did not see the plaintiff until after she was knocked down. The testimony of these witnesses for the defendant was discredited by the proof of contradictory statements made by each to a police captain immediately after the accident. The motorman was not a witness as he could not be found at the time of the trial.

Considering plaintiff's version of the accident the only substantial question is whether she was guilty of contributory negligence as a matter of law. It is the duty of a pedestrian to look both ways before leaving a sidewalk and walking into the street. *Beerman* v. *Union R. R. Co.*, 24 R. I. 275; *McKean* v. *Barker*, 148 Atl. 599; *Kalify* v. *Udin*, 52 R. I. 191. Plaintiff looked in one direction only. If, when she left the sidewalk, she had been struck by a vehicle coming from the west—the direction in which she failed to look—she would have been guilty of contributory negligence as a matter of law. In the instant case there were no vehicles moving in either direction between the north sidewalk and the trolley car. Having reached a place of safety on the car track in front of the trolley car, the plaintiff was then bound to act in the light of the knowledge of existing conditions which she had or should have had. The truck was following the trolley car and it is quite probable that, as the two vehicles were moving in the same direction at about the same rate of speed, the trolley car obstructed a view of the truck from certain parts of the sidewalk and the street. The possibility of such a partial obstruction of the view is a fact which both the driver of the truck and the plaintiff were bound to have in mind.

The standard of care for the automobile driver and for the pedestrian is the same,—each is bound to use ordinary care, such care as a person of ordinary prudence uses in view of the danger to be apprehended. The driver of an automobile or a pedestrian on a highway, until he has knowledge or should have knowledge to the contrary, has a legal right to regulate his conduct on the assumption that the require-

ments of the law will be observed. Neither is bound to anticipate the negligence of the other. *Beerman* v. *Union R. R. Co., supra; Belliveau* v. *Bozoïan,* 46 R. I. 83. The plaintiff was compelled to walk into the street to enter the trolley car. As her view was obstructed by the car and as she was leaving a place of safety to go into a place of possible danger, the circumstances were such as to require her, for her own safety, to be alert and cautious. At the first opportunity she was bound to look for street traffic before going into the part of the street between the curbing and the trolley car. Apparently she was struck by the truck before she had taken more than one step beyond the side of the trolley car and before she could stop or look toward the rear of the car.

Judging from the posture of her body after she was knocked down, it is evident that the truck was being driven close to the side of the trolley car. It was not negligence as a matter of law for her merely to extend a part of her body beyond the side of the car. She was entitled, if necessary, to a reasonable opportunity to move a sufficient distance into the street to enable her to observe that part of the street upon which she must pass to enter the trolley car.

In the recent case of *Spagnola* v. *New Method Laundry Co.,* 112 Conn. 399, in similar circumstances, it was held that a pedestrian was not bound as a matter of law to stop and peer around the front of a trolley car before stepping into the street beyond.

On a motion to direct a verdict for defendant all reasonable inferences in favor of plaintiff must be drawn from the evidence. *Jacobs* v. *Un. El. Rys. Co.,* 46 R. I. 230. The question of contributory negligence commonly is a question of fact to be determined by a jury and a verdict should not be directed for a defendant on this ground if, on any reasonable view of the evidence, a plaintiff is entitled to recover. *Jacobson* v. *O'Dette,* 42 R. I. 447; *Peycke* v. *Un. El. Rys. Co.,* 49 R. I. 257 and cases cited therein; *Souza* v. *Un. El. Rys.*

*Co.*, 49 R. I. 430. There was no error in the refusal to direct a verdict for defendant. The question of contributory negligence was one of fact to be decided by the jury. There was evidence of defendant's negligence.

Exception was taken to a part of the charge to the jury in which the court referred to G. L. 1923, C. 98, s. 17, which provides that: "No person operating a motor vehicle shall pass a trolley car upon the side open to receive or discharge passengers when such trolley car shall be stopped for that purpose." There was no evidence as to the width of the street, of the extent to which the side of the trolley car projected beyond the rail or whether the vestibule door of the car was open for the entry of passengers. This exception is without merit and is overruled. Counsel for defendant had relied on this statute as a basis for his motion to direct a verdict.

The court in its charge instructed the jury that this statute was irrelevant on the question of the driver's negligence if the front door of the trolley car was not open for the entry and exit of passengers. The charge of the court was concise and clear and left no room for any misunderstanding by the jury of the relation of this statute to the issue.

All defendant's exceptions have been considered and are found to be without merit. They are overruled and each case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Fergus J. McOsker*, for plaintiff.

*Henry M. Boss, Jr.*, for defendant.