279 P.2d 1073

James S. DEVINE, Mrs. James S. Devine and Janet Gusinda, Plaintiffs and Appellants,

v.

Helen COOK and W. S. Hatch Co., Inc., Defendants and Respondents.

No. 8145.

Supreme Court of Utah.

Feb. 7, 1955.

136

Dan S. Bushnell, Richards & Bird, Salt Lake City, for appellants.

Stewart, Cannon & Hanson, Don J. Hanson, Ray, Quinney & Nebeker, Thornley K. Swan, Salt Lake City, for respondents.

NORSETH, District Judge.

The three actions involved in this case arose out of a single automobile collision which occurred in Davis County, Utah, September 7, 1951, at approximately 4:30 o'clock p. m. The plaintiffs—James S. Devine, his wife Mrs. James S. Devine, and her sister Janet Gusinda—sought to recover damages from Helen Cook and W. S. Hatch Company, Inc., defendants, for personal injuries sustained by each of the plaintiffs, and for property damage sustained to the automobile owned and driven by the plaintiff James S. Devine.

The case was tried to a jury in Davis County, Utah, which returned a verdict of no cause of action against the three plaintiffs and in favor of both defendants.

The facts of the case are briefly as follows:

On September 7, 1951, James S. Devine, his wife Mrs. James S. Devine, and her sister Janet Gusinda, the plaintiffs, were all in the automobile operated by the plaintiff James S. Devine, who was proceeding north towards Ogden, Utah, on U. S. Highway 91. The collision occurred at the intersection of 1500 South Street, in Bountiful, Utah, and U. S. Highway 91. 1500 South Street runs east and west and crosses U. S. Highway 91. U. S. Highway 91 is a four-lane street running north and south, intersected by 1500 South Street, a two-lane highway running east and west.

At the same time the Devine car was proceeding north, a tank truck and a four-wheel trailer and a tractor transporting a two-wheel semi-trailer, owned and operated by W. S. Hatch Company, Inc., were also proceeding north on the inside lane; that is, the lane nearest to the center dividing line of U. S. Highway 91. On 1500 South Street there is a stopsign both at the east and west, where the 1500 block intersects Highway 91. As the first truck of the Hatch Company approached 1500 South Street, the driver slowed down and gave a signal indicating he intended to make a left-hand turn into 1500 South Street. The second truck also slowed down, and both vehicles came to a complete stop at the intersection of 1500 South Street with U. S. Highway 91. As these vehicles approached 1500 South Street, and before stopping to make the left-hand turn, the first truck passed the Devine car, which was travelling north in the right-hand lane of Highway 91. At the time the first truck slowed down and stopped, Helen Cook, a

defendant, was on 1500 South Street going east. Mrs. Cook stopped for the stopsign located on the south side of 1500 South Street. The trucks could not complete a left-hand turn into 1500 South Street until the Cook car had cleared the street. The driver of the first truck, after he had stopped, in some manner which is not entirely clear from the evidence, signalled or motioned the Cook car to proceed. Thereupon Mrs. Cook did proceed east across Highway 91. The Devine car continued to proceed north, and, according to the testimony of Mr. Devine, he did not see the Cook car in time to avoid a collision. He further testified that when he saw the Cook car he slowed down and turned his car to the right and attempted to avoid the collision. There is no evidence that excessive speed was involved in this case. Devine testified he was travelling about 35 miles per hour. The speed limit in this immediate area is 40 miles per hour. The driver of the first truck testified he did not remember motioning or signalling to Mrs. Cook. However, Mrs. Flora Hutchings, a witness called by the defendant Cook, testified that the driver of the truck had motioned or signalled to Mrs. Cook to proceed.

This appeal is presented on three points by the plaintiffs, as follows:

The instructions prejudicially accentuated the duty of the plaintiffs and minimized the duty of the defendants.

It was error to instruct the jury on an issue of contributory negligence of the plaintiffs, Miss Gusinda and Mrs. Devine.

The Court's instructions regarding contributory negligence were erroneous and prejudicial.

The defendant and respondent W. S. Hatch Company, Inc. contends that the Court erred in failing to grant its motion for a directed verdict.

The defendant and respondent Helen Cook contends that the plaintiffs failed to make timely or proper objections to the Court's instructions, and therefore plaintiffs should not be permitted to object to the instructions in the manner charged in the appeal.

We, after a careful review of the entire record in this case, conclude that the plaintiffs' contentions are well taken, and that the Trial Court in its instructions did commit prejudicial error, (1) By the overaccentuation placed on the duties of the plaintiffs and by a lack of accentuation placed on the duties of the defendants. (2) That the Trial Court also committed prejudicial error in instructing the jury on the issue of contributory negligence of the two plaintiffs, guests in the automobile—Mrs. James S. Devine and Janet Gusinda. It is apparent in this case that the pleadings and evidence did not warrant or support the instructions on contributory negligence of these two plaintiffs—Mrs. Devine and Miss Gusinda. (3) That the Trial Court's instructions regarding contributory negligence was error and prejudicial. (4) That

138

the Trial Court committed error in refusing to grant the motion of the defendant W. S. Hatch Company, Inc. for a directed verdict. (5) We also conclude that the contentions of the defendant Helen Cook that the plaintiffs failed to make timely or proper objections is not well taken, inasmuch as the record shows that certain exceptions to the instructions were taken, and certain objections were made by the plaintiffs relating to points raised by the plaintiffs in their appeal to this Court.

In discussing the various points enumerated above, a summary of the points will be made in the order set out.

(1) Overaccentuation. No particular objection can be raised to the instructions 1 to 4 inclusive. However, when these instructions are considered in conjunction with instructions 5, 7, 8 and 9, it can be readily seen that the instructions accentuated the duty of the plaintiffs and minimized the duty of the defendants. Let us consider briefly Instruction No. 4, a part of which is as follows:

"You are instructed that if you find by a preponderance of the evidence that Dr. James S. Devine was guilty of contributory negligence, which in any degree contributed to the happening of this accident, he cannot recover even though you find that one or both of said defendants was negligent in the happening of this collision. It is the law of this state that a plaintiff who is negligent and such negligence proximately contributes to the happening of the accident in question that he cannot recover. Therefore, you are instructed that if you find Dr. Devine was negligent, as I have above indicated, and the same proximately contributed to the happening of the collision he cannot recover."

The Court in that same instruction advised the jury as follows:

"In this connection you are further instructed that if you find either one of the woman plaintiffs guilty of contributory negligence which in any degree proximately contributed to the happening of the collision then and in that event such plaintiff so guilty cannot recover."

The Court instructed the jury that if the plaintiff Devine's negligence was the proximate cause of the collision, then the plaintiffs Mrs. Devine and Janet Gusinda could not recover against the defendants.

In Instruction No. 6 the Court again reverts to the issues of contributory negligence on the part of the plaintiffs Mrs. Devine and Janet Gusinda. The Court in this instruction identifies the two plaintiffs, the guests, and states it is the positive duty of the guests to see and warn the driver, if under the circumstances a reasonable and prudent person would do so, and later asserts that if they fail to see and advise the driver said conduct on their part constitutes negligence and bars recovery. This fails to take into account that in some

circumstances to make an outcry might be an ill-advised thing to do, and that such warning by the guest would only be required if consistent with reasonable care; and also fails to include the necessary element of proximate cause.

We now consider Instructions No. 7 and 9, wherein the Court charged the jury pertaining to the duty of the defendants Cook and W. S. Hatch Company, Inc. In Instruction No. 7 the Court states:

"You are instructed that a driver of a vehicle upon a highway has no duty to ascertain or advise other drivers whether they may safely enter upon or pass over said highway; but if the driver undertakes to make such a determination and does so advise others, then he must exercise reasonable caution, circumspection and care that his conclusions are correct."

The Court also in Instruction No. 7, in a negative manner, discussed whether the defendant W. S. Hatch Company, Inc., through its agent the driver, did undertake to determine whether the defendant Cook could safely enter and pass through the intersection, and instructed there was no duty except under certain conditions. In Instruction No. 8, pertaining to the duties of the plaintiff Devine, the Court instructed in part as follows:

"You are instructed that it was the duty of James S. Devine in driving down the highway toward the intersection in which this collision occurred

to keep a reasonable and adequate lookout, * * * to use reasonable care * * * to avoid the hazards. * * * It was the plaintiff James S. Devine's duty to observe the relative position of other vehicles on the highway, the existence of the intersection, and to proceed in such a manner that he would keep his vehicle under reasonable control and prevent the same from colliding with other objects or vehicles lawfully upon the highway. If you find that the plaintiff James S. Devine at said time and place failed to exercise reasonable control of the vehicle he was driving, then he would be negligent."

This instruction is positive in nature, as to what was required of the plaintiff Devine. We are of the opinion that this narrative instruction was unnecessary in view of Instruction No. 5 covering the duties of drivers generally, and in view of Instruction No. 4, on contributory negligence. The instructions were positive in nature as to what was required of the plaintiff Devine.

Instruction No. 9 pertaining to the duty of the defendant Cook, is in part as follows:

"You are instructed that the law does not require a person to be extraordinarily alert, or to foresee all that can be seen by looking back after the happening of an accident. Where a person exercised reasonable and ordinary caution; that is, a degree of care,

which would ordinarily be exercised by a reasonable and prudent person, he is not negligent. In this case, the defendant, Helen Cook, was not under a duty to foresee all that she might at this time be able to foresee or appreciate by looking back at the accident, nor was she required to use extraordinary caution for the avoidance of any injury that she could reasonably have expected under the circumstances. If you find from the evidence in this case that this defendant did observe that degree of care and caution that should be ordinarily observed by ordinary prudent persons under similar circumstances, then you are instructed that the defendant, Helen Cook, discharged the duties imposed upon her and you should return a verdict in her favor."

Construing this instruction with Instruction No. 8, it appears with certainty that Instruction No. 8, pertaining to the plaintiff Devine, was by its terms positive in nature, and Instruction No. 9, pertaining to the duty of the defendant Cook, was negative by its nature. We conclude that Instructions No. 4, 6 and 8, pertaining to the standard care required of the plaintiffs on contributory negligence, are positive and peremptory, and that Instructions No. 8 and 9 pertaining to the standard of care required of the defendant Cook are negative and nugatory. We are of the opinion further that the instructions cast

doubt upon the case of the plaintiffs by the frequent use of the words "if any", in reference to the collision and injuries. The following parts of instructions given is illustrative:

"Thus in this case, if you find that at the time of the collision and resulting injuries, if any, the plaintiffs Janet Gusinda and Mrs. James S. Devine, or either of them, * * * should have seen the danger of the collision which caused their injuries, if any, * * * and that by such seeing and warning, the collision and injuries, if any, * * and that such negligence contributed to produce the collision and resulting injuries, if any, * * *"

"And that they, or either of them failed to see the danger or failed to warn James S. Devine of it, and that such negligence contributed to produce the collision and resulting injuries, if any, then the person who was guilty of such negligence, cannot recover for her injuries and your verdict in the action brought by her must be in favor of the defendants and against the plaintiffs."

We conclude that the Court, by the qualifying terms used, cast doubt as to the existence of any injuries suffered by the plaintiffs and characterized the conduct of the plaintiffs as negligence.

In holding that the Court erred in giving the instructions in this case, we cite with

approval the law enunciated in the case of Keeshin Motor Express Co., Inc., v. Glassman, 219 Ind. 538, 38 N.E.2d 847, 850, in which the Court held as follows:

"With this situation it was incumbent upon the trial court in his instructions to clarify the issues without giving any of them undue prominence. This was not done. The instructions as a whole are lengthy, intricate, repetitious, argumentative and confusing. They tend, to appellant's disadvantage, by needless repetition to draw the jury's consideration away from the conduct of appellee's brother and to lead the jury to believe that, in the court's opinion, what he did or failed to do was of little consequence."

In the case of Shields v. Utah Light & Traction Co., 99 Utah 307, 105 P.2d 347, 349, in which the Court stated: "The reiteration of given propositions to the jury in the instructions does not have judicial approval", and after reviewing the detailed instructions the Court stated:

"And the resulting emphasis on applicable laws favorable to plaintiff's side as the result of the continual reference and repeating of certain law propositions resulted in the unbalancing of the charge, and error."

Even assuming that the instructions of the Court taken in their entirety could be considered correct as given, the continual repetition of instructions on contributory negligence and the positive delineation of the duties of the plaintiffs, as contrasted with the qualified negative statements of the duties of the defendants, unbalanced the instructions in favor of the defendants and influenced the jury in bringing its verdict of no cause of action as against all three plaintiffs, and therefore constituted reversible error.

The second point raised by the appellants is that the Court committed error in instructing the jury on an issue of contributory negligence of the plaintiffs, Mrs. Devine and Miss Gusinda.

We are of the opinion that the Court did commit error by so instructing the jury upon these points. It is to be noted that the defendants did not plead contributory negligence on the part of the two passengers, Mrs. Devine and Miss Gusinda. After the case had been tried, and after the Court had indicated the instructions which were to be given, the pleadings were permitted to be amended so as to raise the issue of contributory negligence as to the plaintiffs Mrs. Devine and Miss Gusinda. No witnesses other than these two plaintiffs testified. Their testimony, touching upon what they did and observed, is as follows:

Upon cross examination the witness, Mrs. Devine, testified as follows:

"Q. You were looking out the window, out the front window all the time? A. No, I was sitting sideways in the

car, talking to my sister and looking out at the tankers.

"Q. And you were looking out the side at the tankers, is that correct? As you were going from Salt Lake to the point where the accident occurred, were you observing the highway? A. Yes.

"Q. Did you see Mrs. Cook's car prior to the collision? A. Yes.

"Q. Did you assume that to be the car that you later collided with? A. After I came to, yes.

"Q. Now did you say anything to your husband about that car? A. Well, I imagine so. I don't get excited that way.

"Q. Pardon? A. I don't become excited that way.

"Q. In other words, you didn't become excited so you didn't say anything to your husband about the car then? A. No.

"Q. You didn't tell him about this blur you saw crossing the highway? A. No, because he had put on the brakes at the same time that I saw it."

The testimony of the plaintiff Miss Gusinda in substance is much the same as that of the plaintiff Mrs. Devine.

There was nothing inherently incredible or contradictory about their testimony and it conclusively indicates there was no legal basis to assume that either of the two passengers, Mrs. Devine and Miss Gusinda, did

not act as a reasonable and prudent person would act under the circumstances.

The law is amply clear that where there is no evidence of contributory negligence the jury should not be instructed on such issue. We approve the rule laid down touching upon this question in the following cases:

Christensen v. Oregon Shortline Railroad Company, 35 Utah 137, 146, 99 P. 676, 680, 20 L.R.A.,N.S., 255, in which the Court stated as follows:

" 'Where the evidence of negligence is entirely inferential and the testimony for the defendant is clear and undisputed to the effect that there was no negligence, the plaintiff's case is overcome as a matter of law, and it becomes the duty of the judge to take the case from the jury.' "

White v. City of Trinidad, 10 Colo.App. 327, 52 P. 214, 216. In this case the Court discussed the issue of an instruction on contributory negligence, and stated as follows:

"The evidence concerning her lameness was the only evidence by which contributory negligence was sought to be proved; and, while the evidence was inadmissible under the pleadings, yet for the purpose for which it was elicited it was a failure. It proved nothing against the plaintiff. But the jury may have regarded it as important, and as having a bearing on her right to a re-

covery, when they listened to the instruction of the court on the subject of contributory negligence. Instructions must be based on evidence. A correct declaration of the law is erroneous when there is no evidence to which it can be applied. It can have no effect except to mislead the jury, and, where an instruction of that nature has been given, we are bound to presume that the jury were misled by it. * * * The judgment must be reversed."

Smith v. Oregon & N. W. R. Co., 33 Utah 129, 142, 93 P. 185. In this case the court held that where there was a plea of contributory negligence, but no evidence on which to predicate said plea, such an instruction should not have been given and also giving an instruction concerning an intervening cause without evidence to support the same constituted prejudicial error.

In Belnap v. Widdison,[1] the Court stated as follows:

"The rule is well settled that instructions should be predicated upon the pleadings and evidence in the case, and that an instruction, even though it may contain a correct statement of the law in the abstract, if it has no application to the issues and evidence in the case, should be refused. The reason for the rule is that instructions not pertinent to the case have a tendency to mislead the jury and to draw their minds from the

issues in the case. The instruction, while it correctly states the law as an abstract proposition, has no application whatever to the facts in this case and was therefore erroneous, and the giving of it could not have been other than prejudicial to the interests of the plaintiff."

In the case Clay v. Dunford,[2] the Court held it was prejudicial error to instruct on the assumption of risk when the facts in the case did not present such an issue.

■ It is therefore apparent in this case the pleadings and evidence did not warrant or support the instructions on contributory negligence of the plaintiffs Mrs. Devine and Miss Gusinda, and the giving of said instructions was error.

In Point 3 we are of the opinion that the Court's instructions regarding contributory negligence was error and prejudicial. In Instruction No. 4 the Court stated as follows:

"You are instructed that if you find by a preponderance of the evidence that Dr. James S. Devine was guilty of contributory negligence which in any degree contributed to the happening of this accident, he cannot recover even though you find that one or both of said defendants were negligent in the happening of this collision. * * * In this connection you are further instructed that if you find either one of

1. 32 Utah 246, 90 P. 393, 395.

2. Utah, 239 P.2d 1075.

the woman plaintiffs were guilty of contributory negligence which in any degree proximately contributed to the happening of the collision, then and in that event such plaintiff so guilty cannot recover."

And Instruction No. 6, in part, provides:

" * * * and if they failed to use such reasonable care, they are negligent, and if such negligence proximately contributes to any extent, however slight, to produce their injury, they cannot recover."

█ Our Court and the Courts of other states have considered the use of the words such as "to any extent," "however slight," or "in any degree," may qualify negligence, but not proximate cause. Slight negligence which is a proximate cause may be a defense, but negligence which is a slight cause is not a defense. The distinction between these two rules is considered in 65 C.J.S., Negligence, § 129, p. 742 and in part states as follows:

"It is not sufficient that the negligence for which plaintiff is responsible contributed to cause the injury complained of. In order to be contributory negligence, such negligence must be a proximate cause of the injury. It must be proximate to the injury in the same sense in which defendant's negligent act or omission must have been proximate to the injury in order to give a right of action.

"The necessity of proximate causation between the negligence for which plaintiff is responsible and the injury of which he complains has been expressed in various ways. Thus, it has been said that no negligence is contributory unless it contributes 'substantially,' or 'essentially,' or 'materially,' or 'directly,' or 'materially and essentially,' as well as 'directly,' to the injury; that it must be one of the 'direct,' 'producing' or 'efficient' causes of the injury, 'part of the efficient cause,' or a cause 'without which the injury would not have occurred.' The use of these and similar expressions to distinguish the proximate from the remote cause of the injury has been held to be neither erroneous nor misleading, but at least one court has taken the contrary view with respect to the terms 'material' and 'efficient.' "

█ Our Court in the case of Coray v. Southern Pacific Company, 112 Utah 166, 185 P.2d 963, 968, in discussing the question of proximate cause, approves the following from the Restatement of the Law of Torts:

" 'The negligence must also be a substantial factor as well as an actual factor in bringing about the plaintiff's harm. The word "substantial" is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the proper sense in which there always

lurks the idea of responsibility, rather than in the so-called "philosophic sense," which includes every one of the great number of events without which any happening would not have occurred. Each of these events is a cause in the so-called "philosophic sense", yet the effect of many of them is so insignificant that no ordinary mind would think of them as causes.' "

Also Cox v. Thompson, Utah, 254 P.2d 1047, 1051, which applies the substantial factor test in determining proximate cause. Section 465, Restatement of Torts, states as follows:

"The plaintiff's negligent exposure of himself to danger or his failure to exercise reasonable care for his own protection is a legally contributing cause of his harm if, but only if, it is a substantial factor in bringing about his harm and there is no rule restricting his responsibility because of the manner in which his conduct contributed to his harm."

Therefore it would be good reasoning, in determining proximate cause, the substantial factor test is the same when applied in determining negligence or contributory negligence.

This question is further discussed in the following cases: Rush v. Lagomarsino,[3] Rainer Heat & Power Co. v. City of Seattle,[4] and Di Nucci v. Hager.[5]

Attention is called to Johnson v. Lewis,[6] in which our Court recently had occasion to consider a similar instruction. In that case the words " 'which in any manner, however slight,' " modified the conduct of the party rather than proximate cause. The instruction specifically stated in part as follows:

"Contributory negligence is any act or omission of the plaintiff which in any manner, however slight, proximately contributed to cause the injury or damage of which he complains."

Our Court, we think, properly construed the instruction to the effect that the words "which in any manner, however slight," modified the preceding words, "act" or "omission" and held, in accordance with the distinction heretofore discussed, that slight negligence may be sufficient as a defense while slight causation would not be sufficient. The Court in discussing the instruction stated as follows:

"The jury was told that contributory negligence is 'any act or omission of the plaintiff which in any manner, however slight, proximately contributed to cause the injury.' The phrase 'which in any manner, however slight' is probably technically correct and would do no harm if the jury, in spite of it, keep in mind that there must be a negligent act, that is, an act which lacks ordinary care; and that such act must proximately contribute to cause the injury,

3. 196 Cal. 308, 237 P. 1066, 1067.
4. 113 Wash. 95, 193 P. 233, 236.
5. 184 Or. 555, 200 P.2d 380.
6. Utah, 240 P.2d 498, 500.

that is, it must as a natural and continuous sequence unbroken by any new or intervening cause produce the injury complained of. But it seems hard to reconcile an act which has those causal qualities as being one which 'in any manner, however slight', causes or even proximately contributes to cause the injury. In other words, it seems in order for an act to constitute negligence and proximately contribute to the causing of an injury it would have to be an effective cause thereof and not merely a slight cause of such injury. This phrase is calculated to belittle the causal relationship necessary between the contributory negligence of the plaintiff and the accident and tends to induce the jury to forget that such contributory negligence must be the result of a negligent act and a contributing proximate cause of the injury and therefore, tends to confuse rather than enlighten the jury on that problem.

"This tendency would not be so objectionable if the same type of phrase were used in describing the causal relationship required between the defendant's negligence and the accident or injury. But no such phrase was used in instructing on defendant's negligence."

It will be noted in the Johnson case no instruction was given defining negligence and proximate cause as to the defendants. We here observe that the phrases "to any extent," "however slight," and "in any degree" are usually used as argumentative phrases in requested instructions attempting to emphasize the duty of the party against whom directed and that it is ill-advised to use them in instructions even when they refer to negligence.

From Instructions No. 4 and 6 in the present case it is clear that the Court used the phrase under discussion to modify proximate cause rather than negligent conduct. In Instruction No. 4 it was stated "contributory negligence which in any degree contributed to the happening of the accident." In Instruction No. 6 it was stated "contributory negligence which in any degree proximately contributed to the happening of the collision * * * and if such negligence proximately contributes to any extent, however slight, to produce their injury, they cannot recover." Even if we should assume that the instructions were technically correct, in view of other instructions concerning contributory negligence the giving of such instructions constituted prejudicial error.

Attention is also directed to the following Utah cases, which received the approval of this Court, touching upon the duties of passengers or guests:

Hillyard v. Utah By-Products Co., 1 Utah 2d 143, 263 P.2d 287, in which the Court states:

"Ordinarily a guest in an automobile has the right to place some reliance up-

on the prudence, care and skillfulness of the driver, and it is only when a guest knows, or in the exercise of ordinary care should know, that the driver lacked such qualities, or is being careless that it becomes the guest's duty to consider doing something about the operation of the automobile.

"In action by automobile guest for injuries sustained in automobile collision, unless matter is so clear that reasonable minds could not differ thereon, question whether ordinary, reasonable and prudent guest would vocally object to driving of automobile is for jury."

Hudson v. Union Pacific Railroad Co.,[7] in which the Court states:

"Negligence of automobile driver, is not imputable to passenger invitee or guest.

"In automobile occupant's action against railroad for injuries sustained in crossing collision, occupant could only be contributorily negligent as a matter of law for failing to exercise that degree of care customarily expected of a reasonable prudent passenger under like circumstances."

In Jackson v. Utah Rapid Transit Co.,[8] in which the Court states:

"Wife in rear seat as guest or invitee was not obligated to exercise care required of husband in operating automobile struck by street car.

"Guest or invitee, as in automobile, must use same care that reasonable, prudent person would use under similar circumstances.

"Guest or invitee, as in automobile with competent, alert driver, has no active duty to discover street cars or other dangers."

■■■ This Court also concludes that the Trial Court committed error in refusing to grant the motion of the defendant W. S. Hatch Company, Inc. for a directed verdict. The motion should have been granted, because it appears from the record that the plaintiffs by a preponderance of the evidence, or by any evidence, failed to prove that the defendant Hatch committed any act of negligence which caused or contributed to the cause of the accident. It is to be recalled that the only act or omission on the part of Hatch Co. was that the driver of the Hatch vehicle, as testified to by Mrs. Cook and Mrs. Hutchings, by signal or some motion directed Mrs. Cook to proceed. We do not believe that it is the law, that the giving of such a signal was an act of negligence on the part of the driver. All the signal amounted to, if given, was a manifestation on the part of Metcalf to Mrs. Cook that as far as he was concerned Mrs. Cook could proceed. At the most all he did was to signal to Mrs. Cook and indicate,

7. Utah, 233 P.2d 357, 358.

8. 77 Utah 21, 290 P. 970, 971.

as far as Metcalf was concerned, he yielded her the right-of-way. She could see that he was on the left side of the cab of his truck and therefore in no position to see, or to give her any assurance, that there was no traffic approaching upon the right of his truck from the rear. We approve the rule laid down in the case of Harris v. Kansas City Public Service Co., 132 Kan. 715, 297 P. 718, 720, in which the Court states:

"This instruction was based on the assumption that the motorman who signaled plaintiff had some duty to look out for pedestrians like plaintiff at that street intersection. His duty was to operate his own street car in a proper way so as not to injure pedestrians or other traffic having the same right to use the street as the defendant corporation. He had no duty to protect her against injury from other street cars on parallel tracks. The defendant company could not confer such authority and responsibility upon its motormen. * * * There was no allegation that the motorman had authority to direct street car traffic or authority to signal this plaintiff that she could cross the street in safety. It would have been a usurpation of the police powers of the city government itself for defendant to have authorized its motorman to undertake that duty."

In the case of Sumsion v. Streator-Smith, Inc., 103 Utah 44, 132 P.2d 680, 682, our Court granted a motion for a non-suit and affirmed that ruling on the ground that the plaintiff failed to show causal connection between the negligent conduct complained of by failing to give an arm signal.

The Court in this opinion said:

"The only alleged negligence was the failure to signal and there was sufficient evidence to go to the jury on the question of whether the defendant signalled and whether the failure to signal was negligent conduct. But even so, the plaintiff still did not make out a prima facie case for recovery in negligence for there is no proof or evidence to show that the failure to give the arm signal was the proximate cause of the injury. It is a fundamental principle of the law of negligence that the person complaining has the burden of showing a causal connection between the negligent conduct complained of and the injury to the plaintiff. Bergman v. Denver & R. G. R. Co., 53 Utah 213, 178 P. 68; Newton v. Oregon Short Line R. Co., 43 Utah 219, 134 P. 567. In the instant case, there was no evidence to indicate that the tow truck driver failed to look before pulling away from the curb. The only negligent act complained of is the failure to signal. The plaintiff must supply the links in the chain of proximate cause which show that his failure to signal caused the collision. * * * While deductions may be based on probabili-

ties, the evidence must do more than merely raise a conjecture or show a probability. Where there are probabilities the other way equally or more potent the deductions are mere guesses and the jury should not be permitted to speculate. The rule is well established in this jurisdiction that where 'the proximate cause of the injury is left to conjecture, the plaintiff must fail as a matter of law.' Tremelling v. Southern Pac. Co., 51 Utah 189, 170 P. 80, 84; Tremelling v. Southern Pac. Co., 70 Utah 72, 257 P. 1066. Many cases are cited in support of this proposition and the court quoted with approval from 29 Cyc. 625 where it is stated: 'The evidence must, however, do more than merely raise a conjecture or show a probability as to the cause of the injury, and no recovery can be had if the evidence leaves it to conjecture which of two probable causes resulted in the injury, where defendant was liable for only one of them.'

"The trial court correctly held that the plaintiff failed to make out a prima facie case for recovery in negligence."

In concluding that the Trial Court committed error in not granting the defendant W. S. Hatch Company, Inc. motion for a directed verdict, we do not mean to say, nor to be understood as saying, that the decision reached in this case would be or should be applied to all cases involving signals or motions given by drivers of vehicles to oth-ers. It is possible that under certain conditions upon certain highways, such as hills or in the nighttime, a driver of a motor vehicle in signalling a car following such a vehicle to proceed, might, by such a signal or conduct on the part of the driver, be responsible for an accident in which the person relying upon such signal to proceed became involved.

■ In considering the question raised by the defendant and respondent Cook, as to whether or not the plaintiffs failed to make timely or proper objections to the Court's instructions, attention is directed to the recent case of McCall v. Kendrick, 2 Utah 2d 364, 274 P.2d 962, 963, the Court stated as follows:

"Defendants first suggest that the notice of appeal was improper. We deem it unnecessary to give concern to any doubt which may exist about that contention because the plaintiff's appeal is without merit in any event and the judgment of the trial court must be affirmed.

"The gravamen of plaintiff's appeal as presented to this court relates to alleged errors concerning instructions to the jury. The record fails to show any exceptions to instructions given or the refusal of requests. Rule 51 of our Rules of Civil Procedure states: 'No party may assign as error the giving or failure to give an instruction unless he objects thereto. In objecting to the giving of an instruction a party must

150

state distinctly the matter to which he objects and the grounds of his objection.' Notwithstanding this rule, plaintiff appeals to the discretion of this Court to consider his contentions under the exception stated in the rule that even though no exceptions have been taken, this Court may '* * * in its discretion and in the interest of justice, * * *' review the giving or the failure to give instructions."

It will be noted in the McCall case no objections or exceptions whatever were raised by the plaintiff to the Court's instructions during the trial of the case, and were raised only in the appeal to the Supreme Court. This, however, is not the fact in the instant case. The record shows that the plaintiffs made during the trial certain objections and took exceptions to the Court's rulings, and, while the plaintiffs could have been more explicit in taking exceptions and in making objections, we feel that such failure on the part of the plaintiffs is not sufficient to warrant a dismissal of plaintiffs' appeal.

As to the defendant W. S. Hatch Company, Inc. the cause of action is dismissed. The balance of the case is remanded to the District Court of the Second Judicial District Court of Utah for a re-trial. Costs to appellants.

McDONOUGH, C. J., and WADE, CROCKETT and WORTHEN, JJ., concur.

HENRIOD, J., having disqualified himself does not participate herein.