Woodrow and Betty FREY

v.

Gerald WOODARD, et al.

Civ. A. Nos. 79–1458, 80–1533.

United States District Court,
E.D. Pennsylvania.

April 12, 1983.

Charles J. Hair, Allentown, Pa., for plaintiffs.

Jackson M. Sigmon, Bethlehem, Pa., James G. Sheehan, Asst. U.S. Atty., Philadelphia, Pa., for respondents.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In April, 1977, while traveling through Jacksonville, North Carolina, plaintiffs Woodrow and Betty Frey were struck by defendant Gerald Woodard's automobile while attempting to walk across a six-lane highway. Prior to being hit by Woodard's car, plaintiffs crossed in front of a govern-

ment vehicle driven by defendant Sergeant McCracken. He allegedly stopped the five-ton truck which he was driving and both told and motioned to plaintiffs that it was safe to cross the highway. While plaintiffs were in front of the sergeant's vehicle, the truck suddenly and inexplicably "surged" or "bucked" forward. Plaintiffs, seeking to avoid being hit by the truck, jumped into the adjacent lane and were struck by Woodard's car.

Defendant, United States, moves for summary judgment and argues that North Carolina[1] would not impose liability upon one who like McCracken, gave pedestrians, who were eventually struck by a car, a hand signal to proceed. Plaintiffs and defendant Woodard, opposing the motion, urge that the record evidence demonstrates that McCracken negligently indicated to plaintiffs that the road was free from traffic when, in fact, it was not and that the vehicle's unexplained lunge constitutes a breach of McCracken's duty of care.

■ We begin our analysis of the issue at bar with the observation that summary judgment is a drastic weapon which should only be used sparingly since it bars litigants from presenting their case to a jury. *Tose v. First National Bank,* 648 F.2d 879, 883 (3d Cir.1981). Additionally, Rule 56 motions are frequently precluded from favorable consideration in negligence actions because application of the "reasonable man standard" usually requires "full exposition of all the underlying facts and circumstances". *Barron v. Honeywell, Inc.,* 69 F.R.D. 390, 392 (E.D.Pa.1975). Federal courts, applying North Carolina law, faithfully adhere to these precepts, *Cook v. Baker Equipment Engineering Co., Inc.,* 582 F.2d 862, 865 (4th Cir.1978), but recognize that summary judgment nevertheless has a rightful place in negligence cases. *Fidelity and Deposit Co. of Maryland v. Bank of Bladenboro,* 596 F.2d 632, 635 (4th Cir.1979).

Notwithstanding our obligation to resolve doubts against the moving party and to draw all evidentiary inferences in favor of the party resisting the motion, *Hollinger v. Wagner Mining Equipment Co.,* 667 F.2d 402, 405 (3d Cir.1981), we grant the government's motion.

■ The specific legal issue which we resolve is that North Carolina would not impose liability upon a driver who indicates to pedestrians that they may proceed across his lane of traffic and are subsequently injured in an adjacent lane. Although counsel have failed to locate a specific North Carolina case on point, and our independent research has yielded equally barren results, our decision finds support in the majority of the decided cases. *Cf., Glassman Construction Co., Inc. v. Fidelity and Casualty Co. of New York,* 356 F.2d 340, 342 n. 7 (D.C.Cir.), *cert. denied,* 384 U.S. 987, 86 S.Ct. 1890, 16 L.Ed.2d 1005 (1966) (In ascertaining the contours of state law, federal courts "where appropriate" may assume that the state "will follow the majority rule".)

For example, in *Nolde Brothers, Inc. v. Wray,* 266 S.E.2d 882 (1980), the Virginia Supreme Court considered the issue at bar and held that a jury question is *not* presented by a driver's signal to a pedestrian where the signal "could not reasonably have been interpreted as a signal to proceed across lanes of oncoming traffic". Continuing, the court held as a matter of law that "where the signaler was in the driver's seat of his vehicle and thus not in a position to see right-lane traffic traveling in the same direction" it is "unreasonable to conclude that the driver's gestures are a signal that it is safe to proceed". *Id.* at 884. Legally, in fact, a signal amounts to nothing more than a "manifestation" that "as far as [the driver] was concerned [plaintiffs] could proceed". *Devine v. Cook,* 3 Utah 2d 134, 279 P.2d 1073, 1082 (1955).

The Utah Supreme Court's theory in *Devine,* that the signal to proceed merely indicates that the signaler desires to waive his

[1] Plaintiffs' suit against the government is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671 *et seq.,* which imposes liability only when the state in which the wrongful conduct occurred would impose liability under like circumstances. 28 U.S.C. § 1346(b); *Carlson v. Green,* 446 U.S. 14, 23, 100 S.Ct. 1468, 1474, 64 L.Ed.2d 15 (1980); *Druckenmiller v. United States,* 548 F.Supp. 193, 195 (E.D.Pa.1982).

right-of-way, also found expression in *Government Employees Ins. Co. v. Thompson,* 351 So.2d 809 (La.App.1977). There, the court emphasized that permission to pass in front of the stopped truck does not relieve pedestrians of the obligation to "keep a proper lookout for oncoming traffic in other lanes". *Id.* at 810. *See, Grisanti v. United States,* 284 F.Supp. 308, 311–13 (E.D.N.C.1968).

Other courts which have considered the issue agree that the liability of the signaling operator should not be submitted to the jury, *Dix v. Spampinato,* 28 Md.App. 81, 344 A.2d 155, 170–71 (1975), *aff'd,* 278 Md. 34, 358 A.2d 237 (1976); *Van Jura v. Row,* 175 Ohio St. 41, 191 N.E.2d 536 (1963); *Hill v. Wilson,* 124 Cal.App.2d 472, 268 P.2d 748 (1954); *Charles v. Sullivant,* 159 So. 756 (Orl.La.App.1935); *Harris v. Kansas City Public Service Co.,* 132 Kan. 715, 297 P. 718 (1931), this view is not, however, universally accepted. *See, Riley v. Board of Education,* 15 App.Div.2d 303, 223 N.Y.S.2d 389 (1962); *Armstead v. Holbert,* 146 W.Va. 582, 122 S.E.2d 43 (1961); *Cunningham v. Walsh,* 53 R.I. 23, 163 A. 223 (1932); *Spagnola v. New Method Laundry Corp.,* 112 Conn. 399, 152 A. 403 (1930). Some cases which reject the theory of the growing majority involved minor plaintiffs who, conceivably, could easily be misled by an erroneous signal. *See, e.g., Sweet v. Ringwelski,* 362 Mich. 138, 106 N.W.2d 742 (1961).

In the case at bar, plaintiffs have alleged that, at the time of the accident, Sergeant McCracken was operating a "U.S. Marine Corp. 5 ton truck". *See,* Complaint ¶ 6. Under such circumstances, he was "not in a position to see right lane traffic traveling in the same direction". It is, therefore, "unreasonable" and legally erroneous to "conclude that [his] gesture [was] a signal that it [was] safe to proceed" across *all* the lanes of traffic. *Nolde Brothers, Inc. v. Wray,* 266 S.E.2d at 884.

■ Neither can the truck's unexpected "surge" which purportedly placed plaintiffs before Woodard's car serve as a predicate for imposing liability upon the government. Under North Carolina law, pedestrians must keep a proper look-out and determine whether the road is clear and safe to cross. *Grier v. United States,* 291 F.Supp. 1020, 1021 (W.D.N.C.1968); *Grisanti v. United States,* 284 F.Supp. at 311–13. Plaintiffs abdicated this responsibility to the truck driver when they purportedly relied upon his signal.

■ Whatever the cause of the truck's surge, the majority of the decided cases hold that pedestrians may not legitimately rely upon the driver's signal for *any* purpose other than to indicate waiver of the vehicle's right-of-way. The truck's surge, and plaintiffs' hurried avoidance of the vehicle, simply could not have placed them in jeopardy had they not improperly relied upon McCracken.

Hence, plaintiffs' presence on the highway, rather than the truck's surge or lurch, was the cause of the accident; absent their wrongful reliance upon the driver's signal the accident could not have occurred and plaintiffs could have safely avoided the surging truck by crossing into the adjacent lane without incident.

An appropriate order shall issue granting the government's motion for summary judgment.